IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GEORGE R. L. WEBB                                                                                       PLAINTIFF

                v.                              Civil No. 11-2137

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, George Webb, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

The plaintiff filed his application for SSI on August 16, 2007, due to a crush injury to his left foot. Tr. 110, 128-129, 139, 430-431, 446, 455. His claims were denied both initially and upon reconsideration. Tr. 70, 73. An administrative hearing was then held on November 20, 2008. Tr. 29-57. The Administrative Law Judge ("ALJ") issued an unfavorable decision on May 12, 2009. Tr. 60-69. Subsequently, the Appeals Council declined Plaintiff's request for review by order dated January 29, 2010. Tr. 312. Plaintiff appealed the decision to this Court, and the matter was remanded back to the agency on January 13, 2011. The Court directed the ALJ to obtain an residual functional capacity assessment ("RFC") from Plaintiff's treating orthopedist. Tr. 325.

In the interim, the Appeals Council had ordered the consolidation of this application with a subsequent application filed on February 5, 2010. A second administrative hearing had already been held regarding the consolidation on September 30, 2010. Therefore, the ALJ conducted a supplemental hearing on May 3, 2011. Tr. 258-273, 274-308.

At the time of the supplemental hearing, plaintiff was 25 years of age and possessed an eighth grade education. Tr. 279. He had past relevant work ("PRW") experience as a recreational aide and short order cook. Tr. 67, 111, 130-137, 416, 422-425.

On May 17, 2011, the ALJ concluded that, although severe, plaintiff's left foot crush injury status post surgical reconstruction and obesity did not meet or equal any Appendix 1 listing. Tr. 237-238. The ALJ determined that plaintiff maintained RFC to perform sedentary work as defined in 20 C. F. R. 416.967(a) except that he required a cane to ambulate; could not climb ladders or scaffolds, crawl, or operate foot controls with his left foot; and, could only occasionally balance, stoop, kneel, crouch, and climb ramps or stairs. Tr. 238-242. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform work as a machine operator, assembly/production worker, and cashier II. Tr. 66-67.

Plaintiff filed this action on July 26, 2011. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 9, 10.

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw

2

two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    A.    <u>The Evaluation Process</u>:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.     Discussion:**

Of particular concern to the undersigned is the ALJ's failure to follow the instructions of the previous Order for this Court, remanding the case back to the agency for further development concerning Plaintiff's RFC. As we have previously noted, RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence). An ALJ may not substitute his own unsubstantiated conclusion concerning an impairment for the express diagnoses of an examining doctor. *See Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990); *Fowler v. Bowen,* 866 F.2d 249, 252 (8th Cir. 1989).

In our previous order remanding this case to the administration, we instructed the ALJ to obtain an RFC assessment from Dr. Greg Jones, Plaintiff's treating orthopedist, assessing Plaintiff's ability to stand and/or walk. This is important because an individual must be able to stand and/or walk for at least two hours during an eight-hour workday in order to perform sedentary work. *See* SSR 96–9p, 1996 WL 374185, at *6 (Soc. Sec. Admin. July 2, 1996); *Ellis v. Barnhart*, 392 f.3d 988, 996-997 (8th Cir. 2004).

The need to alternate between sitting and standing more frequently than every two hours could significantly erode the occupational base for a full range of unskilled sedentary work. *Id*. at *7.

It appears as though the ALJ did attempt to obtain said assessment, but for reasons unknown, Dr. Jones refused to complete the paperwork. As a result, the ALJ ordered a consultative orthopedic examination with Dr. Ted Honghiran. Although Dr. Honghiran did exam Plaintiff and noted a decreased range of motion in Plaintiff's left ankle and reliance on a cane for ambulation, he did not provide an assessment concerning Plaintiff's ability to walk and/or stand. In fact, he made no recommendation at all concerning Plaintiff's RFC (*i.e.,* ability to lift, carry, sit, stand, walk, crouch, crawl, bend, or balance).

The record contains two RFC assessments from non-examining, consultative doctors. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). One opined that Plaintiff could perform medium level work, while the second concluded he could perform only sedentary work. Tr. 193-200, 517-524. We note that Plaintiff sustained a crushing injury to his left foot in July 2007, when a bull dozer ran over his foot. He initially underwent surgical correction and hardware placement and later required the removal of several of the pins. Although Plaintiff did regain the ability to bare weight on his left foot, he has continued to experience pain and paresthesias, causing him to rely on a cane for ambulation. Dr. Jones opined that Plaintiff's injury was such that he would likely suffer from significant chronic problems involving his foot. Tr. 203-204, 230-231, 509-513. He also indicated that the resulting level of disability for individuals suffering this type of injury was "typically quite significant." Tr. 225-226, 498-499. Brent Loggains, Dr. Jones' Physician's Assistant, even advised Plaintiff that he would never regain normal range of motion in this foot. Tr. 201, 507. And, Advanced Practical Nurse Marie Pham-Russell working under the watchful eye of Dr. Rebecca Floyd,[1] concluded that Plaintiff would have mild to moderate limitations with prolonged ambulation.

---

[1] As evidenced by Dr. Floyd's signature on the treatment record.

Tr. 503-506. She did not, however, define those limitations. We are also cognizant of Dr. Honghiran's note that Plaintiff might require further surgery in the future. Tr. 580-584.

Because the record does not include sufficient evidence upon which a determination can be made regarding Plaintiff's ability to stand and walk, remand is again necessary to allow the ALJ to develop the record with regard to Plaintiff's RFC. On remand, the ALJ is directed to obtain an RFC assessment from either Dr. Jones or Dr. Honghiran detailing Plaintiff's ability to lift and carry, sit, stand, walk, crouch, crawl, bend, and balance. 20 C.F.R. § 416.912(e) (regulations provide that treating physicians or psychologists will be recontacted by the Commissioner when the medical evidence received from them is inadequate to determine a claimant's disability). If neither of these doctors will provide an assessment of Plaintiff's abilities during the time period Plaintiff was under their care, the ALJ should order another consultative orthopedic exam and specifically request an RFC assessment be included. *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) (ALJ is required to order medical examinations and tests if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled).

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of July 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)